Sandeep KHOSLA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–70474.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 9, 2011.

Jaspreet Singh, Esquire, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Jesse Lloyd Busen, Trial, OIL, Mary Lee Quinn, Esquire, Trial, Emily Anne Radford, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Sandeep Khosla, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because the discrepancies between Khosla's Canadian and United States asylum applications regarding his name, birth date, and the names of his spouse and children go to the heart of his claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum claim, including identity). Khosla's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). Accordingly, Khosla's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Further, because Khosla's CAT claim is based on the same statements found to be not credible, and Khosla does not point to any evidence that shows it is more likely than not that he will be tortured if returned to India, his CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.